**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

DENNIS WAYNE WRIGHT,                )
                                    )
    Plaintiff,            )
                                    )
  v.                       )  CAUSE NO.:  2:09-CV-163-PRC
                                    )
PORTERS RESTORATION, INC.,           )
                                    )
    Defendant.            )

**OPINION AND ORDER**

  This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

[DE 10], filed by Defendant Porters Restoration, Inc. on April 14, 2010.  For the following reasons,

the Court grants the motion in part and denies the motion in part.

**PROCEDURAL BACKGROUND**

  Plaintiff Dennis Wayne Wright filed a charge with the Equal Employment Opportunity

Commission ("EEOC") against the Defendant.  On March 11, 2009, the EEOC issued a Notice of

Right to Sue.

  On June 9, 2009, the Plaintiff filed a *pro se* Complaint on a 42 U.S.C. § 1983 form in this

Court.  The Plaintiff's Complaint consists of two numbered paragraphs.  The first provides:  "On

a daily basis I was sexually harassed by a certain employee.  He touched and made comments about

having sex with me or me having sex with other people."  Compl., p. 2.  The second paragraph

provides that "[d]ue to a date to the movies that I would not go on with him he caused me to lose

my raise and get laid off.  They broke company policy by not calling me back before other

employees due to what he said about me."  *Id.*

On March 23, 2010, Ron Porter, President of the Defendant company, filed a correspondence with the Court in response to the Plaintiff's Complaint. Subsequently, on April 6, 2010, the Court issued an order informing Ron Porter that a corporate defendant cannot proceed *pro se* and that the Defendant had not yet filed an answer to the Plaintiff's Complaint.

On April 14, 2010, Attorney Stephen E. Vander Woude filed his written Appearance as attorney for the Defendant and the Defendant filed the instant Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and a brief in support. The Plaintiff has not filed a response, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Two weeks after deciding *Twombly* and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Supreme Court reaffirmed that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quotation marks and citations omitted).

## ANALYSIS

In its Motion to Dismiss, the Defendant alleges that the Plaintiff cannot state a claim under § 1983 because the Defendant is not a state actor or government entity and was not acting under color of law. The Defendant further contends that the Plaintiff fails to allege sufficient facts to support a claim for sexual harassment under Title VII. Guided by the liberal pleading standard afforded *pro se* litigants, the Court will consider each possible cause of action in the Plaintiff's Complaint in turn.

## A. Claim Under § 1983

The Plaintiff initiated this suit on a § 1983 complaint form provided by the Clerk of Court.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. As is plain from the statute, § 1983 only applies against those acting under the color of law. In other words, the defendant must be a state actor. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir. 2005). The Defendant corporation is a private entity, not a government actor. Nowhere in the Complaint does the Plaintiff allege that the Defendant was acting under color of law. Therefore, the Plaintiff's Complaint fails to state a claim under § 1983, and the Motion to Dismiss is granted as to any such claim.

## B. Claim Under Title VII for Sexual Harassment

In order to establish a prima facie case for a hostile workplace based on sexual harassment under Title VII, the Plaintiff will have to show that (1) he was subjected to unwelcome sexual conduct, advances, or requests; (2) because of his sex; (3) the acts were severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010). However, a plaintiff alleging employment discrimination is not required to set forth each of the prima facie elements of sexual harassment in

the complaint.  *See Simpson v. Nickel,* 450 F.3d 303, 305 (7th Cir. 2006) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)).[1]

In this case, the first sentence of the Complaint alleges: "On a daily basis I was sexually harassed by a certain employee."  Compl., p. 2.  However, the Plaintiff continues with factual allegations, albeit vague, that the "certain employee" referenced in the first sentence "touched and made comments about having sex with me or me having sex with other people."  *Id.*  The allegations, which at this stage the Court must accept as true, provide a factual basis indicating that the Plaintiff was subject to unwelcome harassment.  The fact that the unnamed harasser is male is not a bar to the Plaintiff's claim.  *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998) (holding that same-sex sexual harassment is actionable under Title VII).  The allegation that the offensive conduct occurred "on a daily basis" suggests that the harassment was pervasive and created a hostile work environment.

The Defendant argues that the Plaintiff does not allege that either he or the harasser was employed by the Defendant.  However, it can be reasonably inferred from the second paragraph of the Complaint, in which the Plaintiff describes the "certain employee"as causing him to lose his raise and job, that both the Plaintiff and the alleged harasser were employed by the Defendant.  The Defendant correctly contends that the Complaint does not allege a basis for employer liability.  Although the Plaintiff's claim may or may not ultimately survive summary judgment review, given the *pro se* status of the Plaintiff, the plausibility standard of pleading, and that the Plaintiff need not allege every factual or legal element of the prima facie case in the Complaint, the Court finds that

---

[1]  In *Twombly*, the Supreme Court affirmed *Swierkiewicz* as good law and rejected the contention that the standard articulated in *Twombly* was inconsistent with *Swierkiewicz*.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007).

the Defendant has sufficient notice of Plaintiff's sexual harassment claim. *See Brooks*, 578 F.3d at 581 (reaffirming that *Twombly* did not destroy the fair notice standard of pleading).

Finally, even though Plaintiff does not explicitly allege that the harassment was because of his sex, taking into account the Plaintiff's *pro se* status and the plausibility standard set by *Iqbal* and *Twombly,* the Court can infer from the Plaintiff's allegation that the harasser "touched and made comments about having sex with me or me having sex with other people," Compl., p. 2, that the Plaintiff was harassed because of his sex for the purposes of this motion. *See Iqbal*, 129 S. Ct. at 1949 (holding that inferences drawn must be plausible but are not required to be probable). In order for the harassment to be "because of his sex," it must simply be because the Plaintiff is a man. *See Holman v. Indiana*, 211 F.3d 399, 403 (7th Cir. 2000) (reaffirming that the key issue in a Title VII sexual harassment complaint is that one sex is treated to disadvantageous terms which the other sex is not) (quoting *Oncale*, 523 U.S. at 80). Any prejudice the Defendant may suffer due to the lack of factual detail in the Plaintiff's Complaint can be remedied through preliminary discovery between the parties. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779, 779 n. 3 (7th Cir. 2007). The Plaintiff has raised the possibility of a right to relief above a speculative level, and the Motion to Dismiss as to the Plaintiff's claim of sexual harassment is denied.

### C. Claim Under Title VII for Sex Discrimination

Although it is not clear that the Plaintiff is alleging sex discrimination, construing the pro se Complaint liberally, the Court considers whether the Plaintiff has sufficiently stated such a claim to survive the Motion to Dismiss. In order to establish a prima facie case for reverse sex discrimination under Title VII, the Plaintiff will have to show that (1) he was a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he was subjected

to a materially adverse employment action; and (4) others outside the protected class were more favorably treated. *Farr v. St. Francis Hosp. and Health Ctrs.*, 570 F.3d 829, 833 (7th Cir. 2009). Because he is a member of a "majority," he will also have to show "background circumstances" or suspicious activity that shows the Defendant has discriminated against men. *Id.* As with the sexual harassment claim, the Plaintiff need not show all four elements in order to survive a motion to dismiss. *Swierkiewicz*, 534 U.S. at 511. Rather, to avoid dismissal under Rule 12(b)(6), a plaintiff need only allege that "the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex." *Tamayo*, 526 F.3d at 1084 (noting that the Seventh Circuit in *Concentra* reaffirmed this as the proper test even after *Twombly*). Nevertheless, the Plaintiff has not met this minimal standard, and his right to relief for a claim of sex discrimination does not rise above the speculative level.

Initially, the factual basis of Plaintiff's discrimination claim is similar to that of his sexual harassment claim. The Plaintiff indicates in his Complaint that he is a male, which is a protected class under Title VII. *Farr,* 570 F.3d at 833. From the Plaintiff's allegation that "[d]ue to a date to the movies that I would not go on with him he caused me to lose my raise and get laid off," Compl., p. 2, the Court can infer that the Plaintiff alleges he was meeting the Defendant's legitimate job expectations. This, coupled with the allegation that the Defendant "broke company policy by not calling [the Plaintiff] back before other employees," *id.*, constitute allegations of adverse employment actions.

However, fatal to his claim is the absence of any allegation that he was discriminated against based on his sex. Nowhere does the Plaintiff allege that females employed by the Defendant were treated more favorably than him or, simply, that he suffered the adverse employment actions

"because of his sex." *Concentra*, 496 F.3d at 782 (explaining that a plaintiff may allege "quite generally" that "I was turned down for a job because of my race"). Rather, he explicitly says he was not called back "due to what [the "certain employee"] said about [him]," Compl., p. 2, pleading facts alleging a motivation for the adverse employment actions based on something other than reverse sex discrimination. *See Tamayo,* 526 F.3d at 1086 (explaining that "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims" but finding that, although the plaintiff had alleged facts suggesting an alternative, non-gender-related motivation, that motivation was not mutually exclusive with the sufficiently pled allegations of sex discrimination). To the extent the Plaintiff may be alleging discrimination based on sexual orientation, the Seventh Circuit has unequivocally held that this type of discrimination "is not, under any circumstances, proscribed by Title VII." *Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 708 (7th Cir. 2000).[2] Accordingly, the Motion to Dismiss as to any sex discrimination claim is granted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 10].

So ORDERED this 22nd day of June, 2010.


s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Pro se Plaintiff

---

[2] Nor is there any allegation or inference to be drawn that homosexual males were treated differently than homosexual females. *See Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 707 n. 5 (7th Cir. 2000) (citing *Oncale*, 523 U.S. at 80-81).