# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:09-CV-163-PRC |
| PORTERS RESTORATION, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 19], filed by Defendant Porters Restoration, Inc. on September 30, 2010. Plaintiff has not filed a response, and the time to do so has passed. Because there are no genuine issues of material fact for trial and because Defendant is entitled to judgment as a matter of law, the Court grants the motion.

## PROCEDURAL BACKGROUND

Plaintiff Dennis Wayne Wright filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Defendant. On March 11, 2009, the EEOC issued a Notice of Right to Sue.

On June 9, 2009, Plaintiff filed a *pro se* Complaint on a 42 U.S.C. § 1983 form in this Court. On April 14, 2010, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(6) and a brief in support; Plaintiff did not file a response. On June 23, 2010, the Court issued an Opinion and Order granting in part and denying in part the Motion to Dismiss, allowing what the Court considered to be a claim of hostile work environment based on sexual harassment to proceed.

On August 5, 2010, the Court held a preliminary pretrial conference at which Plaintiff appeared in person.

On September 30, 2010, Defendant filed the instant Motion for Summary Judgment and memorandum in support. Defendant also served a Notice to Pro Se Plaintiff, advising Plaintiff of his obligations in responding to a summary judgment motion.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *see also*

2

Fed. R. Civ. P. 56(c). The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325; *see also* Fed. R. Civ. P. 56(c). When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with

specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## MATERIAL FACTS

Plaintiff began employment with Defendant on March 6, 2006. He worked as a crew assistant on a crew with several other employees of Defendant. Defendant assigns one person in each crew of employees the role of crew leader. The crew leader is responsible for communication with the customer at a job site, communication with office personnel, relaying instructions from the President and Vice-President to crew assistants, and on-site management of the job. The crew leader does not have authority to hire or terminate, suspend, or affect the pay of Defendant's employees.

During Plaintiff's employment with Defendant, Jeff Anderson was employed by Defendant as Director of Human Resources. At the time of Plaintiff's hiring, Defendant provided Plaintiff with a copy of its Company Policy Book (hereinafter "Policy Book"). During Plaintiff's employment with Defendant, the Policy Book contained the following harassment policy:

> HARASSMENT – Harassment of any kind (sexual, racial, etc.) will not be permitted. Anyone receiving what they would consider harassment of this nature must report it immediately in writing to the Director of Human Resources or Operations Manager if the Director of Human Resources is absent or the Director of

4

> Human Resources is the source of the harassment. The incident will be considered submitted when given to the Human Resources Director in writing. It is your right to be able to work and be free from this type of behavior. The Company will respond to any report accordingly. Company may use an immediate suspension or discharge to address these issues.

Def. Br., Exh. A, ¶ 11 (Anderson Aff.).

During his employment with Defendant, Plaintiff made no verbal or written complaints of sexual harassment to Jeff Anderson. On July 14, 2006, Defendant placed Plaintiff and other employees on unpaid leave due to work shortages. In October 2006, Defendant received notice of Plaintiff's charge of discrimination (hereinafter "COD") filed with the Equal Employment Opportunity Commission. Upon receipt of the COD, in late October 2006, Defendant conducted an investigation into the allegations in the COD, including interviews with Defendant's employees. At the end of its investigation, Defendant determined that Plaintiff's allegations in the COD were unfounded. Despite this finding, Defendant took additional measures to ensure employee awareness of and compliance with the harassment provisions in the Policy Book, including review of the harassment policy with its employees.

On October 25, 2006, Plaintiff declined to return to work and terminated his employment with Defendant.

## ANALYSIS

Defendant seeks summary judgment on Plaintiff's only surviving claim of a hostile workplace based on sexual harassment.

Plaintiff's Complaint consists of two numbered paragraphs. The first provides: "On a daily basis I was sexually harassed by a certain employee. He touched and made comments about having sex with me or me having sex with other people." Compl., p. 2. The second paragraph provides that "[d]ue to a date to the movies that I would not go on with him he caused me to lose my raise and get laid off. They broke company policy by not calling me back before other employees due to what he said about me." *Id.*

Title VII prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). This provision protects employees from sexual harassment that is severe or pervasive enough to produce a hostile work environment. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998); *Jackson v. County of Racine*, 474 F.3d 493, 499 (7th Cir. 2007). Title VII also encompasses claims of same-sex sexual harassment, and the harassing conduct need not be motivated by sexual desire in order to support an inference of discrimination based on sex. *Oncale*, 523 U.S. at 79-80.

To establish a prima facie case for a hostile workplace based on sexual harassment under Title VII, the Plaintiff must show that (1) he was subjected to unwelcome sexual conduct, advances, or requests; (2) because of his sex; (3) the acts were severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010) (citing *Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008)). The standard for the last prong, employer liability, "hinges on whether the harasser was the plaintiff's supervisor." *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004) (citing *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998)). "Harassment by a supervisor

of the plaintiff triggers strict liability, subject to the possibility of an affirmative defense where the plaintiff suffered no tangible employment action." *Id*. "Conversely, the employer may be found liable for a hostile work environment created by an employee who was not the plaintiff's supervisor only where the plaintiff proves that the employer has 'been negligent either in discovering or remedying the harassment.'" *Id*.

Considering first the issue of harassment by a supervisor, the facts of record do not support a basis for finding Defendant liable. A supervisor is someone with the power to affect the terms and conditions of the plaintiff's employment. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 848 (7th Cir. 2008); *Parkins*, 163 F.3d at 1034. Plaintiff alleges in his Complaint that he was harassed by "a certain employee." There is no evidence before the Court that this employee was Plaintiff's supervisor. To the contrary, Defendant has offered evidence that none of Plaintiff's co-workers on his crew, including the crew leader, had supervisory authority, and Plaintiff has offered no evidence in response to the Motion for Summary Judgment. Accordingly, there is no basis for finding Defendant liable based on supervisory harassment, and Defendant is entitled to summary judgment. *See Hrobowski*, 358 F.3d at 478 (finding no issue of material fact as to employer liability for supervisory harassment where the plaintiff failed to cite evidence that a particular person with the power to influence the terms and conditions of his employment made harassing remarks).

Even if Plaintiff could demonstrate that the alleged harassment was caused by a supervisor, because Plaintiff has offered no evidence that the alleged harassment resulted in demotion, loss of pay, termination, or other tangible employment action, Defendant has asserted the *Ellerth-Faragher* affirmative defense. *Mosher v. Dollar Tree Stores, Inc.*, 240 F.3d 662, 667-68 (7th Cir. 2001) (citing *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524

7

U.S. 775, 807 (1998)). The two elements of this defense are "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807. The evidence of record demonstrates that Defendant has policy forbidding sexual harassment that was distributed to all its employees and that was furnished to Plaintiff when he was hired. The policy sets out a procedure that employees are to follow to report claims of sexual harassment to the Director of Human Resources in writing. The policy also provides that Defendant will investigate all claims of sexual harassment and take appropriate remedial action. Defendant has presented sworn testimony from Jeff Anderson, its Director of Human Resources at the time of Plaintiff's employment, that Plaintiff never reported, either verbally or in writing, any claim of sexual harassment. When Defendant first learned of Plaintiff's claims in his COD months after he was laid off, Defendant fully investigated the claims. Defendant determined that Plaintiff's allegations of harassment were unfounded, yet it took actions to reinforce its anti-harassment policy among its employees, including a review of the policy with them. Thus, given the undisputed evidence before the Court, Defendant is entitled to summary judgment on any claim of a hostile work environment as a result of sexual harassment by a supervisor.

The Court turns to the issue of coworker harassment. For Defendant to be found liable for a hostile work environment created by an employee who was not Plaintiff's supervisor, Plaintiff must establish facts that show the employer has been negligent either in discovering or remedying the harassment. *Andonissamy*, 547 F.3d at 848; *Parkins*, 163 F.3d at 1032. Plaintiff has not met this burden. Moreover, based on the facts set forth in the prior paragraph, Defendant has cited facts

showing show it was not been negligent in discovering or remedying any alleged harassment. Although Plaintiff did not promptly notify Defendant of the alleged harassment, Defendant nevertheless promptly investigated the claims once it learned of them in Plaintiff's COD and reinforced its policy against sexual harassment by reviewing the policy with its employees. Accordingly, based on the undisputed facts before the Court, Defendant is entitled to summary judgment on any claim of a hostile work environment as a result of sexual harassment by a co-worker. *See Hrobowski*, 358 F.3d at 479 (finding no issue of material fact as to employer liability in case of coworker harassment when plaintiff failed to cite evidence that employer was negligent in discovering or addressing harassment).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 19]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Porters Restoration, Inc. and against Plaintiff Dennis Wayne Wright as to all of his claims.

So ORDERED this 13th day of December, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record